207 N.J. Super. 321 (1985)
504 A.2d 145
IN THE MATTER OF THE ESTATE OF MICHAEL B. ROZET, DECEASED.
Superior Court of New Jersey, Law Division Atlantic County, Probate Part.
Decided September 13, 1985.
*323 Charles A. Matison, for plaintiff (Cooper, Perskie, April, Niedelman, Wagenheim & Weiss, attorneys).
Theodore S. Ridgway, for defendant.
CONNOR, J.S.C.
A motion for summary judgment presents the following issue: Where a decedent child dies intestate, without spouse or issue and is survived by both parents, may a father who abandoned the decedent six months after birth now collect his intestate share of the estate under N.J.S.A. 3A:2A-35? For the reasons which follow, I hereby conclude that abandonment of a now deceased child does not terminate a parent's right under the intestacy laws to collect a share of the estate.
Michael Rozet died intestate on June 13, 1981. He was not survived by widow or children. The death certificate lists Bennett Rozet, plaintiff, as the decedent's father and Dorothy Zavodny as the maiden name of the decedent's mother. Letters of Temporary Administration were issued to the decedent's mother, Dorothy Miriam Mohan and "possibly his father, Bennett Rozet, if in fact his father is living."
In her capacity as temporary administratrix, Dorothy Miriam Mohan executed the New Jersey Inheritance Tax return for the decedent's estate listing herself and Bennett Rozet as beneficiaries of the estate. Subsequently, Dorothy Miriam Mohan *324 advised plaintiff through their respective attorneys that the temporary administrator would refuse to distribute any of the estate of the decedent to Bennett Rozet. This action was then filed seeking an accounting, the appointment of a general Administrator of the estate and a declaration of this court that plaintiff was an intestate heir of the decedent entitled to (1/2) one-half of the estate. Plaintiff has now moved for summary judgment. Based upon the following, summary judgment is hereby granted.
In order to dispose of a matter on a motion for summary judgment, there must be no genuine issue as to any material fact; all doubtful inferences are to be drawn against movant and in favor of the opponent of the motion. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954). Thus, the facts as presented by defendant are accepted as true for purposes of this motion, although the father vigorously contests the abandonment claim.
Michael B. Rozet was born in 1941. Approximately six months after his birth plaintiff abandoned his children and their mother. From that day forward, plaintiff provided neither monetary nor emotional support. In 1941, Orders of Support were entered in the Commonwealth of Pennsylvania. Plaintiff never complied with these orders. Defendant estimates that she spent approximately $25,000 on living expenses from the time of abandonment until the decedent's twenty first birthday. Defendant received a divorce from plaintiff in 1945. Except for a brief meeting in 1950, there was no contact between plaintiff and his family.
Defendants' answer to the complaint asserts as a separate defense that plaintiff has "waived his right, if any, [to his intestate share], by abandoning, deserting and failing to support and/or maintain the infant decedent shortly after birth and by so doing is estopped from claiming any rights in said decedent's estate."
*325 The issue before the court is whether abandonment can preclude intestate succession as set forth in N.J.S.A. 3A:2A-35[1], which provides:
3A:2A-35. Share of heirs other than surviving spouse.
The part of the intestate estate not passing to the surviving spouse under section 37 of this act, or the entire intestate estate if there is no surviving spouse, passes as follows:
a. To the issue of the decedent; if they are all of the same degree of kinship to the decedent they take equally, but if of unequal degree, then those of more remote degree take by representation;
b. If there is no surviving issue, to his parent or parents equally; ...
Plaintiff has argued that he has satisfied all the requirements of the statute. It is undisputed that the decedent died intestate leaving no spouse or issue, and was survived by both parents. Since no other conditions are required by the statute, plaintiff demands his one half share of the estate. It is defendant's position that further conditions do exist other than the relationship that can prevent intestate succession. Defendant cites N.J.S.A. 3A:2A-83(a) [now N.J.S.A. 3B:7-1] that bars inheritance by one who causes or procures the death of the testator. Defendant also maintains that it is against the public policy of this State to award one who abandons their child with the right to inherit their estate as exemplified by N.J.S.A. 9:1-1 (parent is not entitled to the earnings of their abandoned child) and N.J.S.A. 9:6-3 (imprisonment and fine imposed on parent who abandons child).
While such arguments are meritorious, they do not support defendant's position that our Legislature has imposed such a restriction on the right to take an intestate share. It is evident that the Legislature has, in some circumstances, recognized that there should be some detriment or limitation upon the rights of someone who has engaged in some inappropriate *326 conduct or has abandoned a child. Yet in this area, they have seen fit not to do so.
The requisites to inheritance are determined by the Legislature. They have the plenary power over the devolution of title and the distribution of intestate property. Cassano v. Durham, 180 N.J. Super. 620, 622 (Law Div. 1981) [citing In re Holibaugh, 18 N.J. 229, 235 (1955)].
Regulating succession or inheritance ab intestato is a legislative province ... intestacy signifies the adoption of the legislative disposition, a conclusive presumption, although necessary fictional in some cases (citations omitted).
In re Sapery, 28 N.J. 599, 605 (1959).
It is clear that this court is without power to circumvent the intestacy laws and can only interpret the laws as they exist. In reviewing the intestacy laws as a whole and N.J.S.A. 3A:2A-35 in particular, it is evident that the Legislature imposes no other conditions other than those clearly written. Had the Legislature intended to do so, such changes would or could have been set forth in their enactment of N.J.S.A. 3B:5-4.
The laws of intestacy are not mandated by the State, but rather come into effect only when a decedent fails to devise his estate by will. They are a method of distribution by default. In application, the succession cannot be defeated even by a testator's apparent intent to the contrary. Maxwell v. Maxwell, 122 N.J. Eq. 247 (1937).
The court is not at liberty to ignore, alter or depart from the clear meaning of the unambiguous statutory language. Gauntt v. City of Bridgeton, 194 N.J. Super. 468, 482 (App.Div. 1984). I therefore conclude that plaintiff has satisfied the conditions as set forth in N.J.S.A. 3A:2A-35 and is entitled to a one-half share of the decedent's estate.
Defendant has further sought an award for back support in the event that plaintiff was entitled to a share of decedent's estate. However, this claim is not within the jurisdiction of the Probate Part. I therefore rule that this matter shall be transferred to the Chancery Division, Family Part *327 pursuant to R. 4:3-1(a)(2). Defendant shall submit the appropriate transfer order in accordance with R. 4:3-1(b).
NOTES
[1] N.J.S.A. 3A:2A-35, effective Sept. 1, 1978, was repealed by N.J.S.A. 3B:5-4, effective May 1, 1982. The applicable language was not changed with the passage of the current statute.